CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 21 2009

JOHN F. CORCORAN, CLERK
BY: /s/ S. Sumner
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT JASON MARTIN,** ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00573 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **RANDY MATHENA,** ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

Robert Jason Martin, a Virginia inmate proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Randy Mathena, the warden of Red Onion State Prison (Red Onion). Martin claims that a prison K-9 dog attacked him under its handler's direction, prison staff subsequently teased him about the incident, and Mathena does not administer a safe prison. After reviewing the complaint, the court finds that Martin fails to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Martin specifically alleges the following facts. Martin tried to break up a fight between two inmates that occurred in Red Onion's lower-B vestibule on July 6, 2008. K-9 officer Destreets[1] entered the vestibule and ordered everyone to lay down. The dog subsequently bit Martin twice on the elbow and once on the lower-left stomach area. Staff sent Martin to the medical department to receive treatment for the dog bites. After the fight, prison staff began to verbally harass Martin by calling him, "K-9 Martin the Attack Dog" and asking him why he did not "bite the dog back with [his] K-9 teeth." Martin asked prison staff to review the security camera footage to support his claim that he was not involved with the fight, but staff told him that the camera was not operating at that time. Martin requests a total of $540,000 of compensatory and punitive damages.

---

[1] The court notes that it is difficult to read the hand-written copy of the complaint, and it is not sure how to correctly spell the officer's name.

II.

A.

As an initial matter, Martin requests permission to amend his complaint. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course before being served with a responsive pleading. Accordingly, the court grants his motion to amend because the defendant has not yet been served.

B.

The court is required to dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v.

2

Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

1. Excessive force

The Eighth Amendment prohibits prison officials from using force unnecessarily and wantonly to inflict pain on inmates. Whitley v. Albers, 475 U.S. 312, 319 (1986). A claim that guards used excessive force against an inmate requires a dual inquiry: (1) the objective nature of the force used and the resulting harm and (2) the subjective intent of the officers. Hudson v. McMillian, 503 U.S. 1, 7 (1992). The key inquiry under the subjective prong of this test is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 8. In making this determination, the court must balance such factors as the need for the application of force, the relationship between the need and the amount of force actually applied, and the extent of injury inflicted. Id. at 7. Furthermore, a defendant who occupies a supervisory position may not be held liable under a theory of respondeat superior in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-92 (1978); see Ross v. Reed, 719 F.2d 689, 698 (4th Cir. 1983) (finding that respondeat superior liability has no place in § 1983 jurisprudence).

Not every injury, however, violates a person's constitutional rights. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violating constitutional protections. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Thus, absent the most extraordinary circumstances, an inmate cannot prevail on an excessive force claim unless he proves more than de minimis pain or injury. Id. Nevertheless, an inmate with only de minimis injury may recover damages under § 1983 if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind." Orem v.

3

Rephann, 523 F.3d 442, 447-48 (4th Cir. 2008) (quoting Norman, 25 F.3d at 1263 n.4).

Martin asserts that Mathena, as warden of Red Onion, is responsible for the acts of the K-9 unit under his supervision. However, Mathena cannot be held liable for acts of the K-9 unit under respondeat superior. Even if Martin named the correct defendant, he failed to allege anything more than de minimis pain or injury. Martin merely states that he was bitten without alleging any pain, symptoms, or complications. In the exhibits accompanying his amended complaint, medical reports indicate that he sustained a scratch on his elbow with a small amount of blood. Certainly, an injury of this nature is de minimis and is neither conduct repugnant to the conscience of mankind or which may be said to inflict impermissible amounts of pain. Accordingly, Martin fails to state a claim of excessive force against Mathena, and I dismiss this claim, pursuant to § 1915A(b)(1).

2. Verbal harassment

Verbal harassment or verbal abuse of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited with approval in, Moody v. Grove, 885 F.2d 865, 1989 WL 107004, at *1 (4th Cir. 1989) (table) (unpublished); see Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights). Accordingly, Martin's allegation that prison staff ridiculed him following the July 6, 2008, incident is insufficient to state a constitutional claim upon which relief can be granted, and I dismiss this claim, pursuant to § 1915A(b)(1).

3. Unsafe conditions

The Eighth Amendment also protects inmates from inhumane treatment and conditions while imprisoned. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996); see Wilson v. Seiter, 501 U.S. 294, 298 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth

Amendment claim for cruel and unusual punishment, an inmate must prove that the deprivation of a basic human need was objectively and sufficiently serious and jail officials subjectively acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298; Williams, 77 F.3d at 761. In order to demonstrate such an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Martin merely alleges that the prison is generally unsafe because a fight occurred and a security camera was not working at the time of a fight. Martin does not allege that officials subjectively acted to deprive him of any basic human need. Moreover, Martin fails to allege that he experienced any significant physical or emotional injury resulting from the unsafe conditions. Accordingly, Martin fails to state a claim of unsafe conditions against Mathena, and I dismiss this claim, pursuant to § 1915A(b)(1).

III.

For the foregoing reasons, the court grants Martin's motion to amend and dismisses his amended complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 21st day of January, 2009.

/s/ James C. Turk
Senior United States District Judge